UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIROOZEH H. BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-262-B |
| | § | ECF |
| BANK OF AMERICA, formerly known as | § | |
| MBNA Technology and MBNA Hallmark | § | |
| Information Services, | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Having considered Defendant Bank of America/MBNA Technology, Inc.'s ("MBNA") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and for Summary Judgment (doc #46), and all arguments and evidence in support and against, the Court GRANTS Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff Firoozeh H. Butler filed the instant suit against MBNA on February 10, 2006. Plaintiff originally alleged fourteen (14) claims against MBNA ostensibly stemming from her employment with MBNA from 1993-2004. All but two of those claims were dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Court Order dated July 18, 2007. Plaintiff's only remaining claims are claims alleged under the Employee Retirement Income Security Act ("ERISA") for denial of benefits (29 U.S.C. § 1132(a)(1)(B)) and for equitable enforcement of rights (29 U.S.C. § 1132(a)(3)). The facts alleged by Plaintiff are well-explained in the Court's prior dismissal order and the Court incorporates that recitation herein. Plaintiff's ERISA claims are directed particularly to the time period of August-October 2004 in which Plaintiff contends that she was denied an

extension of short term disability benefits under MBNA's Short Term Disability Policy No. 502 ("STD Policy") in August 2004 and was also denied leave entirely under the STD Policy in October 2004. (Compl. ¶¶ 88, 136). Plaintiff was ultimately terminated for failing to report to work in October 2004.

## ANALYSIS

### Legal Standard

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. § 1331-1332. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

The Court has the power to dismiss under Rule 12(b)(1) based on any of (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, and (3) the complaint supplemented by the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "Where federal subject matter jurisdiction is based on ERISA, but the evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction." *Tinoco v. Marine Chartering Co, Inc.*, 311 F.3d 617, 623 (5th Cir. 2002); *see also Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 280 (5th Cir. 2008) (finding that where evidence showed no ERISA plan, district court lacked jurisdiction over the case).

### Existence of an ERISA Plan

Under the ERISA laws, 29 U.S.C. §§ 1001, *et seq.*, a participant may bring a civil action, *inter alia*, to recover benefits denied to her or to enforce any provisions of an ERISA plan. 29 U.S.C. §§

1132(a)(1)(B) and (a)(3). The term "plan" is defined as "an employee welfare benefit plan." 29 U.S.C. §1002(3). An employee welfare benefit plan is "any plan, fund, or program which was...established by an employer...to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants...benefits in the event of sickness...." 29 U.S.C. § 1002(1).

The Fifth Circuit uses a three part test to determine whether a particular alleged plan qualifies as an employee welfare benefit plan. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). The court considers "whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan"-establishment or maintenance by an employer intending to benefit employees. If any part of the inquiry is answered in the negative, the submission is not an ERISA plan." *Id.*

Plaintiff challenges MBNA's decision not to continue extending benefits to her under MBNA's Personnel Policy related to short term disability ("STD Policy"). (App. 6-15). The parties do not appear to dispute that the STD Policy could be considered to be a "plan" under the first prong of the Fifth Circuit's inquiry. Further, upon review of the STD Policy, the Court finds that it is a program established by MBNA with the stated purpose of providing "short-term disability leave...for people unable to work because of illness, injury or other valid and substantiated medical reasons." (App. 6 at ¶ A). Full and prime-time people who have been with MBNA for at least one year of service are eligible under the STD Policy for benefits including compensation of 100% of their base salary plus shift differential for one week for each year of their service and an additional 75% of their base salary for up to 26 weeks total. (App. 6 at ¶ B; App. 14 at ¶ E(2)). Full time employees with five years of service receive benefits including 100% of their base salary plus shift differential for up

to 26 weeks. (App. 14 at ¶ E(3)). On its face, the STD Policy is a "plan" as that term is defined under the ERISA statute, 29 U.S.C. § 1002, and as the term is used in the first prong of the analysis of whether it qualifies as an ERISA plan.

Under the second prong of the analysis used by the Fifth Circuit in considering ERISA plans, there is a possible exemption available for the STD Policy. Pursuant to 29 C.F.R. § 2510.30-1, certain payroll practices that would otherwise fall within the definition of "employee welfare benefit plan" are exempt from that definition. Pertinently, a payroll practice is exempt if it is "payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons." 29 C.F.R. § 2510.30-1(b)(2). MBNA argues that the STD Policy falls within this safe-harbor regulation and is therefore exempt from the ERISA definition that would otherwise apply. The Court agrees with MBNA.

First, the STD Policy pays a minimum of 75% of the employee's compensation and a maximum of 100% during the employee's absence. (App. 14 at ¶ E). In issuing guidance on the scope of its regulation, the Department of Labor has repeatedly found that payment of less than 100% of an employee's salary is sufficient under the payroll practices exemption. *See, e.g.*, Dep't of Labor Advisory Ops. Nos. 81-71A (1981), 93-27A (1993), and 93-02A (1993). The Court defers to the Department's interpretation of its own regulation, as the Court does not see the interpretation as clearly erroneous. *Auer v. Robbins*, 519 U.S. 42 (1997) (noting that an agency's interpretation of its own regulations is typically controlling). *See also Bassiri v. Xerox Corp.*, 463 F.3d 927, 930 (9th Cir. 2006) (collecting additional Dep't of Labor Advisory opinions interpreting "normal compensation" to include something less than 100% of the employee's salary and holding that a plan paying less than an employee's full salary could qualify as a payroll practice); *Walsh v. Life Ins. Co.*

*Of N. Am.*, No. 06-10845, 2007 WL 2343657, at * 5 (D. Mass. Aug. 15, 2007) (holding that a plan paying less than an employee's full salary was a payroll practice); *Street v. Ingalls Memorial Hosp.*, No. 06 C 2963, 2007 WL 844619, at * 3 (N.D. Ill. Mar. 15, 2007) (same); *Schwartz v. Liberty Life Assur. Co. of Boston*, 470 F. Supp. 2d 511, 513 (E.D. Pa. 2007) (same); *Franklin v. Blue Cross and Blue Shield of Fla., Inc.*, No. 3:06-CV-101-J-32, 2006 WL 2792893, at *3-4 (M.D. Fla. Sept. 27, 2006) (same); *Ryan v. Prudential Ins. Co. of Am.*, No. 2:04CV1621, 2006 WL 2623238, at *4-5 (W.D. Pa. Sept. 12, 2006) (same); *Langley v. Daimler Chrysler Corp.*, 407 F. Supp. 2d 897, 912-15 (N.D. Ohio 2005) (same); *Hite v. Biomet, Inc.*, 38 F. Supp.2d 720, 729-30 (N.D. Ind. 1999) (same); *Martin Marietta Energy Sys., Inc. v. Indus. Comm'n of Ohio*, 843 F. Supp. 1206, 1211-12 (S.D. Ohio 1994) (same). At any given time, the STD Policy pays at least 75% of an employee's salary. Thus, the Court finds that, with deference to the Department of Labor's opinions and consistent with the great weight of authority from other courts who have considered this issue, the STD Policy pays "normal compensation" to employees as that term is used in 29 C.F.R. § 2510.30-1(b)(2).

Second, MBNA has also demonstrated that the money paid to employees under its STD Policy is paid out of the general assets of the company and not reimbursed from any outside source. (App. 3 at ¶¶ 3-6). Third, MBNA has also shown that the STD Policy pays an employee for time periods when they cannot perform their job or cannot come to work due to medical reasons. (See App. 6 at ¶ A). There is no credible evidence to dispute the facts proved by MBNA. Although Plaintiff alleges in her Motion for Dispositive Motion at 6 that "[t]his policy was not effective from 200[sic]-2006, I do have a copy of this policy is different," Plaintiff has submitted no evidence in support of her Motion or in support of this statement. The Court finds fully persuasive MBNA's testimony that the STD Policy it attaches in support of its 12(b)(1) Motion was the policy in effect from 2000-2006–the time period during which Plaintiff alleges she was wrongfully denied benefits.

(App. 2-3 at ¶ 2). For the reasons discussed above, the Court finds that MBNA has demonstrated that the STD Policy is a payroll practice under 29 C.F.R. § 2510.30-1(b)(2). Because the STD Policy falls within a safe-harbor exemption, it does not satisfy each of three prongs under Fifth Circuit law and is therefore not an ERISA plan as a matter of law.[1] *Meredith*, 980 F.2d at 355.

## CONCLUSION

Because there is no ERISA plan, this Court has no jurisdiction over this case and thus grants Defendant MBNA's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1). This matter is hereby dismissed with prejudice to its refiling. All costs to be taxed to the party incurring same.

The Court notes that as a result of its dismissal of this matter for lack of subject matter jurisdiction, the Summary Judgment aspect of Defendant's Motion (doc #46) is hereby denied as moot. Plaintiff's Motion for Dispositive Motion (doc #49) is also hereby denied as moot as are Plaintiff's Motion for Court to Order MBNA to provide discovery (doc #53) and Plaintiff's Motion to Produce Documents (doc # 54).

SO ORDERED.

Dated: April 21st , 2008

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court determines that the STD Policy is not a plan governed by ERISA, it does not reach MBNA's alternative argument that Plaintiff's claim for short term disability was correctly denied.